UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIEGO MONTEZ HARMON, | ) |
| Petitioner, | ) |
| v. | ) No. 4:20-CV-231 RLW |
| TARA TUBBESING. | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Diego Montez Harmon for leave to commence this action without payment of the required filing fee, *see* 28 U.S.C. § 1915(a), and application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, the Court will grant petitioner leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).[1] Petitioner's application for writ of habeas corpus will be denied.

### The Petition

Petitioner, who is confined at the Northwest Missouri Psychiatric Rehabilitation Center in St. Joseph, Missouri, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In 2015, petitioner was charged with two counts of selling a controlled substance near a school. *State v. Harmon*, No. 15CO-CR00267 (Cooper County Court). On February 22, 2017, the trial court found petitioner incompetent to proceed with the charges against him, and ordered him committed to the Missouri Department of Mental Health. On November 7, 2017, following another mental examination, the Missouri Department of Mental Health moved to have petitioner

declared permanently incompetent to proceed. Petitioner, through his counsel, objected to the motion, but ultimately withdrew his objection. Without objection from the State or petitioner, the trial court found that petitioner lacked the mental fitness to proceed to trial and that there was no substantial probability that he would be mentally fit to proceed in the reasonably foreseeable future. The trial court dismissed the charges against petitioner and ordered that proceedings should be filed under Missouri Statute Chapters 475 and 632 to determine whether a guardian should be appointed for petitioner and to determine whether he should be civilly committed.

Petitioner was declared permanently incompetent to proceed on January 22, 2018. Petitioner filed the instant 2254 on February 3, 2020. The Department of Mental Health moved for guardian and conservatorship of petitioner on January 10, 2020. In re Diego Montez Harmon, No. 20P8-PR00051 (Howard County). The matter has not yet been ruled on.

## Discussion

As best as the Court can discern, petitioner asserts (1) he should not have been found incompetent to proceed; and (2) numerous claims challenging the underlying criminal charges against him.

### A. Petitioner's Competency Claim is Not Cognizable Under § 2254

Pursuant to 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire,* 502 U.S. 62, 67 (1991) (internal quotation omitted). "A federal court may not reexamine a state court's interpretation and application of state law." *Schleeper v. Groose,* 36

F.3d 735, 737 (8th Cir. 1994) (citing *Estelle,* 502 U.S. at 67-68). State courts are free to decide the retroactive application of state court decisions. *See Wainright v. Stone,* 414 U.S. 21, 23–24 (1973) ("A state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward. It may say that decisions of its highest court, though later overruled, are law none the less for intermediate transactions." (internal quotation omitted)).

Here, petitioner raises a claim concerning the trial court's competency determination. However, because petitioner asserts a claim concerning an alleged error of state law, this claim is not cognizable under § 2254.

Even if petitioner was entitled to federal habeas relief, a federal court shall not grant habeas relief to someone confined in a state facility unless the petitioner "has exhausted the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(1). Under Missouri law, petitioner can challenge a civil commitment by filing a petition for a writ of habeas corpus in state court. Mo. Rev. Stat. § 632.435, *State ex rel. Koster v. Oxenhandler,* 491 S.W.3d 576, 589 (Mo. Ct. App. 2016) (state habeas corpus is the proper remedy for patients committed to custody of the Department of Mental Health); *see also Charles Leader v. Mary Attebury,* Case No. 15-0580-CV-W-GAF-P (W.D. Mo. 2016) (denying mental health patients challenge to a commitment order finding him permanently incompetent to proceed because the patient failed to exhaust his state remedies). The Court finds petitioner has failed to exhaust his state court remedies.

Therefore, the Court finds petitioner is not entitled to federal habeas relief concerning his competency claim.

**B. Petitioner's Claims Regarding the Criminal Charges Are Moot**

3

Although difficult to discern, it appears petitioner makes numerous claims and allegations concerning his underlying criminal charges that he faced in state court. The Constitution's "case-and controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing *Lewis v. Continental Bank Group,* 494 U.S. 472 477–478 (1990)). This means that "throughout the litigation, the plaintiff 'must have suffered . . . an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.*

Here, when the trial court determined that petitioner was permanently incompetent to proceed with the charges against him, it dismissed the criminal charges against him. Thus, petitioner is no longer charged with selling drugs near a school. (Doc. 13-4); Mo. Rev. Stat. § 552.020.11(6) (if the court finds a defendant permanently incompetent to proceed, "the court shall dismiss the charges without prejudice . . ."). Accordingly, because petitioner is no longer facing confinement or punishment for the criminal charges at issue in this case, Petitioner's claims are denied as moot.

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of a denial of a constitutional right." To satisfy this standard, petitioner must show that "reasonable jurists" would find the district court ruling on the constitutional claims "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability is denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [#2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the instant application for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as *Diego Montez Harmon v. Tara Tubbesing*. All other defendants in this action shall be terminated.

An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 16th Day of July, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE